08-4064-cr
United States v. Doe

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: (SUMMARY ORDER). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Theodore Roosevelt United States Courthouse, 225 Cadman Plaza East, Brooklyn, New York, on the 14th day of December, two thousand nine.

PRESENT:

> JOSE A. CABRANES,
> REENA RAGGI,
> > *Circuit Judges*,
> RAYMOND J. DEARIE,
> > *Chief District Judge.*[1]

-------------------------------------------------------------

UNITED STATES OF AMERICA,

> *Appellee*,

v.                                                                              No. 08-4064-cr

JOHN DOE,[2]

-----

[1] Chief District Judge Raymond J. Dearie of the United States District Court for the Eastern District of New York, sitting by designation.

[2] While pending, this case has been captioned as "United States v. John Doe" with all briefing maintained under seal. Although we affirm the decision of the district court,

1

*Defendant-Appellant.*

------------------------------------------------------------

APPEARING FOR APPELLANT        [SEALED]

APPEARING FOR APPELLEE:        ELIZABETH KRAMER, Assistant United States Attorney (Peter A. Norling, Jo Ann M. Navickas, Assistant United States Attorneys, *on the brief*), *for* Benton J. Campbell, United States Attorney for the Eastern District of New York.

APPEARING AS <u>AMICUS CURIAE</u>:        LEE G. DUNST (Anne M. Champion, Daniel J. Chirlin, Brian D. Mogck, Aaron Simowitz, *on the brief*), Gibson, Dunn & Crutcher LLP, New York, New York.

Appeal from the United States District Court for the Eastern District of New York (John Gleeson, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Defendant John Doe appeals from the district court's denial of his motion for total and permanent sealing of his sentencing transcript. Because the United States joins Doe in urging reversal of the challenged denial, this court appointed <u>amicus</u> counsel to defend the district court judgment so that the appeal could be considered in an adversarial context. We assume the parties' familiarity with the facts and the record of prior proceedings.

In reviewing a district court's decision on a motion to seal judicial proceedings or

pending further proceedings on remand that could result in partial sealing, we continue to denominate appellant as "John Doe," and we place the appellate record and the identity of Doe's counsel under seal. The United States is directed to report to this court at ninety (90) day intervals from the date of this order as to the status of proceedings in the district court.

records, we examine findings of fact for clear error, legal determinations de novo, and the decision to grant or deny sealing for abuse of discretion. See United States v. Doe, 63 F.3d 121, 125 (2d Cir. 1995). Where First Amendment rights are implicated, our abuse-of-discretion review of a decision granting sealing is "more rigorous" than usual. Id. But where, as here, we review a district court decision denying sealing, the decision presents no First Amendment concerns, and we will affirm unless the district court "based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." Sims v. Blot, 534 F.3d 117, 132 (2d Cir. 2008) (internal quotation marks and citation omitted). We identify no such abuse of discretion in this case.

While acknowledging the public's right of access to sentencing proceedings, see United States v. Alcantara, 396 F.3d 189, 199 (2d Cir. 2005), and to the transcripts of such proceedings, see Press-Enterprise Co. v. Superior Court, 478 U.S. 1, 13 (1986), United States v. Antar, 38 F.3d 1348, 1359-60 (3d Cir. 1994), Doe contends that the district court committed legal error by treating this right as absolute rather than qualified. The record does not support this contention. At the very start of its discussion of the law relevant to Doe's motion, the district court observed that the First Amendment grants the public and the press a "'qualified right of access'" to criminal court proceedings. Dist. Ct. Op. at 9 (quoting Hartford Courant Co. v. Pellegrino, 380 F.3d 83, 91 (2d Cir. 2004)).

Moreover, the district court did not treat the public right of access as absolute in

balancing it against competing interests as required by the four-step analysis articulated in United States v. Doe, 63 F.3d at 128. In doing so, the district court correctly recognized that the public right of access to criminal proceedings – deeply rooted in the common law and guaranteed by the First Amendment – is presumptive.[3] See Press-Enterprise Co. v. Superior Court, 464 U.S. 501, 505-08 (1984); Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 606-07 (1982); Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 569-70 (1980) (Burger, C.J., plurality opinion). A party seeking to overcome this presumption bears a heavy burden. See Press-Enterprise Co. v. Superior Court, 464 U.S. at 510 (observing that presumption of open criminal proceedings may be overcome "only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest"). Moreover, as we cautioned in Doe, the burden "increases the more extensive the closure sought." 63 F.3d at 129.

Where, as in this case, a party seeks to seal the record of criminal proceedings totally and permanently, the burden is heavy indeed. The district court's calibration of the analytic balance to reflect Doe's particularly heavy burden hardly qualifies as legal error, much less abuse of discretion. The district court determined that the first two Doe factors – (1) the identification of a compelling interest subject to a substantial risk of prejudice and (2) the

---

[3] The Sixth Amendment provides a distinct but related guarantee of public access to criminal proceedings. See Gannett Co. v. DePasquale, 443 U.S. 368, 382 (1979).

4

existence or absence of reasonable and adequate alternatives to sealing[4] – weighed in favor of Doe, but it concluded that the weight these factors bore was insufficient to support the requested permanent and total denial of public access to Doe's sentencing transcript. This conclusion fell well within the scope of the district court's discretion. Indeed, at oral argument, the parties effectively conceded that the identified interests did not require that any sealing be either total or permanent.

Nevertheless, even if total and permanent sealing is unjustified, it may be possible to protect the "compelling interest" at issue here by sealing the sentencing transcript in a way that is <u>less than total and permanent</u>. Accordingly, we AFFIRM the district court's denial of the application for a total and permanent sealing of the sentencing transcript, but we REMAND the case to the district court to afford the parties an opportunity to apply for a sealing of the sentencing transcript that is partial, non-permanent, or both. If the parties make such an application, the district court should determine, in the first instance, whether such a partial or non-permanent sealing is justified under the four-step analysis set forth in <u>United States v. Doe</u>, 63 F.3d 121.[5] Any renewed appeal following the disposition of the

---

[4] While the district court found that no alternatives to sealing existed by which the court itself might address the identified compelling interests, it properly recognized that such alternatives <u>were</u> available to the executive branch, and it reasonably considered that fact in reaching its ultimate decision to deny Doe's sweeping application for sealing.

[5] Because certain alternatives were discussed at oral argument, the court hereby unseals the transcript of argument for the limited purpose of allowing the United States to provide the district court with a copy. That transcript will otherwise remain sealed pending further order of this court.

remand shall be referred to this panel.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court


By:_____